IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY BETH HARSHBARGER, | : | CIVIL ACTION |
| | : | |
| PETITIONER | : | |
| | : | |
| VS. | : | |
| | : | |
| MICHAEL R. REGAN, UNITED STATES | : | |
| MARSHALL FOR THE MIDDLE DISTRICT OF | : | |
| PENNSYLVANIA; ERIC HOLDER, | : | |
| ATTORNEY GENERAL OF THE UNITED | : | |
| STATES; SUSAN TORRES, ATTORNEY- | : | |
| ADVISOR, OFFICE OF THE LEGAL | : | |
| ADVISOR, UNITED STATES DEPARTMENT | : | |
| OF STATE; HILLARY RODHAM CLINTON, | : | |
| SECRETARY OF STATE OF THE UNITED | : | |
| STATES, | : | |
| RESPONDENTS | : | NO.: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EMERGENCY PETITION FOR WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. §§2241 AND 2243
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

AND NOW, comes the Petitioner, Mary Beth Harshbarger, by and through

counsel, PAUL P. ACKOUREY, ESQUIRE, and respectfully petitions this Honorable

Court for a writ of habeas corpus pursuant to §§2241 and 2243 and such declaratory

and injunctive relief as to remedy the prospective and unlawful detention of her person

now called for by the extradition magistrate's Certification of Extraditability and Order

of Commitment, issued on March 4, 2009, as amended by its Order of March 12, 2009,

and to enjoin the Respondents from further violating her constitutionally guaranteed

liberty rights by extraditing her to Canada. In support thereof, it is averred as follows:

CUSTODY

1.      Pursuant to a Certification of Extraditability and Order of Commitment

issued on March 4, 2009 by United States Magistrate Malachy E. Mannion, presiding

as extradition magistrate in In the Matter of the Extradition of Mary Beth Harshbarger

(hereinafter "In Re Extradition of Harshbarger"), Crim. No. 5:08-MJ-00109, within the

United States District Court for the Middle District of Pennsylvania, Mary Beth

Harshbarger was ordered to be committed to the custody of the United States

Marshal on Friday, March 13, 2009, "pending disposition of this matter by the Secretary

of State and the arrival of agents from Canada, at which time, Mary Beth Harshbarger

will be transferred to the custody of the agents from Canada at such time and place as

mutually agreed upon by the United States Marshal and the duly authorized

representatives of the Government of Canada to be transported to Canada, unless

such custody, commitment, or transfer is vacated or stayed by Court Order." Denying

a requested stay of the certification of extraditability, the extradition magistrate did,

however, grant a short continuance of Ms. Harshbarger's surrender date until March 20,

2009, to allow her time to re-file a motion for stay and an appropriate petition for a writ

of habeas corpus. See Memorandum and Order of March 12, 2009 filed in In re

Extradition of Harshbarger.

JURISDICTION AND VENUE

2.      This action arises under the Constitution of the United States, the Treaty

on Extradition, December 3, 1971, U.S. - Canada, T.I.A.S. No. 8237 (as amended

by the protocols of January 11m 1988, 1988 U.S.T. LEXIS 182 and January 12, 2001,

2001 U.S.T. LEXIS 92, 2006 WL 2530939), and 18 U.S.C. §3184. This Court has

jurisdiction under 28 U.S.C. §2241(c)(1) and (3) and Article I, Section 9, Clause 2

of the United States Constitution, as Ms. Harshbarger is presently subject to a

certification of extraditability and order of commitment that requires her to surrender

herself to the custody of the United States Marshal on or before 3:00 p.m. on March

20, 2009 unless otherwise ordered in a habeas proceeding. See Memorandum and

Order of March 12, 2009 filed in In re Extradition of Harshbarger, supra.

3.      Venue lies in the United States District Court for the Middle District of

Pennsylvania, the judicial district in which Ms. Harshbarger resides and is subject to

the order of commitment currently in effect. 28 U.S.C. §1391(e).

PARTIES

4.      Petitioner Mary Beth Harshbarger is an American citizen residing within

the Middle District of Pennsylvania who has been charged by Canadian authorities

with violating Sections 219(1) and 220(a) of the Criminal Code of Canada (relating

to criminal negligence causing the death of another, where a firearm is used during

the commission of the offense). A complaint seeking extradition of Ms. Harshbarger

from the United States to Canada was brought before United States Magistrate

Malachy E. Mannion by the United States on behalf of the government of Canada.

After extradition proceedings in this matter, the extradition magistrate issued a

certification of extraditability and order of commitment, which, as amended,

require Ms. Harshbarger to surrender herself to the custody of the United States

Marshal on or before 3:00 p.m., Friday, March 20, 2009.

5.      Respondent Michael R. Regan is the United States Marshal for

the Middle District of Pennsylvania, who, along with his agents, will assume

custodianship of Ms. Harshbarger on March 20, 2009 under the order of commitment

now in effect. Respondent Eric Holder is the Attorney General of the United States

and is responsible for the administration of the Department of Justice and the

United States Attorney's Office that has acted on behalf of the Canadian government

in seeking Ms. Harshbarger's extradition. Respondent Susan Torres is an Attorney-

Advisor in the Office of Legal Advisor, United States Department of State, who has

issued a Declaration in the matter of Ms. Harshbarger's extradition with the diplomatic

note of the Canadian Government to the State Department requesting extradition,

and copies of the treaties and protocols governing United States - Canadian extradition.

Respondent Hillary Rodham Clinton is the Secretary of State of the United States, to

whom the applicable certification of extraditability is addressed, and is responsible

for the administration of the Department of State and the implementation and

enforcement of the United States - Canadian extradition treaty as it applies to Ms.

Harshbarger. As such, she has ultimate custodial authority over petitioner, although

Ms. Harshbarger is subject to the direct control of all the Respondents and their agents.

EXHAUSTION OF REMEDIES

6.      Petitioner has exhausted her remedies to the extent required by law,

and her only remedy is by way of this judicial action. Subsequent to submission

of briefs by the government and Ms. Harshbarger, an evidentiary extradition hearing

was held in this matter on February 13, 2009. On March 4, 2009, the extradition

magistrate issued a Certification of Extraditability and Order of Commitment providing

 that the petitioner be committed to the United States Marshall on March 13, 2009

pending final disposition of her case by the Secretary of State. Subsequent to a motion to stay filed by the petitioner, the extradition magistrate amended only the Order of Commitment to the extent that petitioner's surrender date was continued to March 20, 2009 to allow for the refiling of a stay motion in conjunction with an appropriate filing of a petition for writ of habeas corpus in this matter.

7.      An individual challenging a court's extradition order may not appeal directly, because the order does not constitute a final decision under 18 U.S.C. §1291, but may petition for a writ of habeas corpus. Haxha vs. Levi, 465 F. 3d 554, 560 (3rd Cir. 1997) citing Sidali vs. INS, 107 F. 3d 191, 195(3rd Cir. 1997).

## STATEMENT OF THE FACTS

8.      The Petitioner, Mary Beth Harshbarger, accompanied by her husband, Mark Harshbarger, their two children, Myra (age 4) and Elijiah James (age six months), together with Mark's brother, Barry Harshbarger, traveled from Pennsylvania to the Moosehead Hunting Lodge near Buchans Junction, Newfoundland for a one week trip in September of 2006 to hunt moose, caribou, and bear. A Canadian hunting guide was employed to assist them.

9.      On or about September 14, 2006, Ms. Harshbarger, believing she saw a bear coming out of the brush, fired a shot from her rifle at approximately 7:55 p.m. That shot proved to be the fatal shot that killed her husband, Mark Harshbarger, who was wearing dark clothing at the time and who had briefly become separated from the hunting guide when the latter had paused to urinate.

10.      Under applicable Canadian hunting regulations, hunting is permitted until thirty (30) minutes after sunset. Sundown on the day of the fatal shot

occurred at 7:31 p.m., such that the gunshot in question was fired six (6) minutes

before the legal time period expired.

11.      Canadian law enforcement, after conducting two re-enactments of

the incident on or about September 16, 2006 and again on or about September 13,

2007, though it "plausible" that Ms. Harshbarger felt she was shooting at a bear

but ultimately concluded that she should not have taken the shot at that time

of the day.

12.      More than one and one-half years after the 2006 incident, on April 20,

2008, an information was sworn by Canadian Authorities charging Ms. Harshbarger

with criminal negligence resulting in death and involving the use of a firearm in

violation of Sections 219(1) and 220(a) of the Criminal Code of Canada and an

arrest warrant was issued. Thereafter, the Canadian government contacted the

State Department and requested extradition. The State Department, in turn,

and acting on behalf of the Canadian government, filed for extradition proceedings

more than two years after the underlying events, and long after the petitioner had

apparently lawfully returned home to the United States.

13.      Briefs were filed by the government and Mary Beth Harshbarger

and, on February 13, 2009, an evidentiary hearing was held. On March 4, 2009,

United States Magistrate Judge Malachy E. Mannion, serving as an extradition

magistrate, issued a Certification of Extraditability and Order of Commitment

and a corresponding Memorandum and Order, (somewhat at odds with his

earlier Memorandum and Order of January 6, 2009 by which he issued a summons for

Ms. Harshbarger to appear at an initial court appearance on January 16, 2009,

rather than a warrant for her arrest, and in which he questioned whether Ms.

Harshbarger's actions amounted to tortious negligence, much less criminal

negligence) in which he found probable cause to believe Ms. Harshbarger

was grossly negligent and responsible of the criminal negligence resulting in death

that Canadian authorities had charged her with. Ms. Harshbarger was ordered

to surrender herself to the custody of the United States Marshal on March 13,

2009 pending further disposition by the United States Secretary of State

and potential transfer to the custody of Canadian officials.

14.     Subsequent to Ms. Harshbarger's motion to stay the aforementioned

certification and commitment order, filed on March 9, 2009, the extradition magistrate,

by Memorandum and Order of March 12, 2009, amended her surrender date to

March 20, 2009 to allow for the re-filing of a motion to stay in conjunction with

the filing of an appropriate petition for writ of habeas corpus.

## FIRST LEGAL CLAIM FOR RELIEF
(Due Process Violation)

15.     Petitioner believes and therefore avers that In re United States

Extradition of Sylvester, 4:05-CR-0490, 2006 U.S. Dist. LEXIS 98131 (M.D.

Pa February 14, 2006) (Jones, J.) (denying extradition, and applying

Pennsylvania State Law where the United States sought the extradition of a

prisoner incarcerated in Pennsylvania on behalf of the government of

Canada) reconsideration denied, 2006 U.S. Dist. LEXIS 20177, 2006 WL

860 945 (M.D. Pa. March 29, 2006) (denying reconsideration sought by the

government) provides the controlling law in matters like Ms. Harshbarger's,

which involves the United States - Canada extradition treaty. Sylvester

held that Pennsylvania law is the law that determines what constitutes

competent evidence in accordance with Article 10 (1) of the extradition treaty

(i.e., "according to the laws of the place where the person sought shall be found")

in establishing probable cause that the Defendant committed the subject offenses.

Sylvester could not be extradited because hearsay evidence alone was presented

by the government at the extradition hearing, and that was not sufficient under

Pennsylvania law to establish probable cause. It is submitted that the only

hearsay evidence was presented by the government at Mary Beth Harshbarger's

extradition hearing as well, so that she too should have been found to be

unextraditable. The finding that occurred to the contrary violates her right to

due process as guaranteed by the Fifth and Fourteenth Amendments to the

Constitution.

16.     The extradition magistrate, it is submitted, mischarecterized

Sylvester when he stated that Pennsylvania law was applied in that case only

because the coordinate domestic crime under the dual criminality standard

arose under state (Pennsylvania) law. See Memorandum and Order of March 12,

2009 at pp 5-6. He ignores the Sylvester court's interpretation of Article 10 (1)

of the treaty.

## SECOND LEGAL CLAIM FOR RELIEF
(Equal Protection Violation)

17.     Incorporating paragraphs 15 and 16, supra, by reference, it is

respectfully submitted that Ms. Harshbarger's constitutionally guaranteed

equal protection rights are being violated by the prospective extradition

now in place. Both Sylvester and Ms. Harshbarger have been subject to the

extradition treaty between Canada and the United States. The government

presented hearsay evidence alone at the extradition hearing of both Defendants.

Both Defendants were, with respect to Article 10 (1) of the treaty, found within

the state of Pennsylvania. While Sylvester was found unextraditable because

hearsay evidence alone was found to be insufficient under Pennsylvania law to

support probable cause at his extradition hearing, Ms. Harshbarger finds herself

subject to a certification of extraditabillity though only hearsay evidence was

presented at her extradition hearing. They are similarly situated although, it

is submitted, Ms. Harshabrger's alleged offense is far less heinous than the

rape and kidnaping Sylvester was accused of. Such a disparity should be

addressed in light of the equal protection rights that are embodied in the

Fourteenth Amendment to the United States Constitution.

### THIRD LEGAL CLAIM FOR RELIEF
(Due Process Violation)

18.    By any standard of probable cause, it is submitted that Mary

Beth Harshbarger's conduct does not amount to gross negligence, as required

by the criminal negligence resulting in death, with which she is charged by

Canadian authorities or the co-ordinate crimes of involuntary manslaughter. The

law of both of the  "contracting parties" (i.e., Canada and the United States) require

"wanton or reckless disregard for human life." See 18 U.S.C. §1112(a). Acting within

the  parameters of Canadian law when she fired a gunshot within a half-hour after

sunset having employed the assistance of a licensed Canadian hunting guide, and

having her perceptions compromised by the contributing factor of her husband

wearing dark clothing do not add up to "wanton and reckless disregard for human life",

it is submitted, and to find otherwise is to violate Ms. Harshbarger's due process

right as guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution. While the inquiry may be limited in a habeas corpus

proceeding reviewing a magistrate judge's extradition order under a treaty

with a foreign country, it does include "whether there was any evidence

warranting the finding that there was reasonable ground to believe the

accused guilty." Sidali vs. INS, 107 F.3d 191, 195 (3rd Cir. 1997) quoting

Fernandez vs. Phillips, 268 U.S. 311, 312, 45 S. Ct. 541, 542 (1925). Further,

Pennsylvania law requires not only legally competent evidence, but evidence

which demonstrates the existence of each of the material elements of the

crime charged. Commonwealth ex rel. Buchanan vs. Verbonitz, 525 Pa 413,

417 (1990). Under the aforementioned standards, the facts of the immediate

case simply do not establish probable cause. The extradition magistrate's

finding to the contrary violates Ms. Harshbarger's due process rights under

the Fifth and Fourteenth Amendments to the United States Constitution.

FOURTH LEGAL CLAIM FOR RELIEF
(Due Process Violation)

19.     Incorporating paragraph 18, supra, by reference, it is submitted

that the co-ordinate criminal offense statutes, Ms. Harshbarger's extraditability

has been premised on are unconstitutionally vague as applied. It is simply

unreasonable to expect that she should have recognized that her action,

which were permissible under Canadian hunting regulations, and even

exhibited the extra care of employing a licensed Canadian hunting guide,

would be deemed "wanton and reckless disregard for the value of human

life," which is a material element of the crime charged. A finding of probable

cause in applying such a criminal offense statute to Ms. Harshbarger's

conduct must be voided on grounds of unconstitutional vagueness, which

violates her due process rights under the Fifth and Fourteenth Amendments

to the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, Petitioner, Mary Beth Harshbarger prays that this

Honorable Court grant the following relief:

1.  Schedule an evidentiary hearing in this matter;

2.  Enjoin the Respondents from detaining Ms.
    Harshbarger in the future until habeas corpus
    review is completed;

3.  Stay Ms. Harshbarger's extradition until
    habeas corpus review is completed;

4.  Declare that the finding of probable cause
    that Ms. Harshbarger is guilty of such
    wanton and reckless disregard for the
    value of human life that her actions
    constitute criminal negligence resulting
    in death violates her due process and
    equal protection rights as guaranteed
    by the Fifth and Fourteenth Amendments
    to the United States Constitution;

5.  Issue a writ of habeas corpus requiring
    that the Certification of Extraditability
    and Order of Commitment presently
    in effect against Mary Beth Harshbarger
    be vacated;

RESPECTFULLY SUBMITTED:


BY:/S/ PAUL P. ACKOUREY, ESQUIRE
     PAUL P. ACKOUREY, ESQUIRE
     ATTORNEY FOR RESPONDENT
     116 NORTH WASHINGTON AVENUE
     FIRST FLOOR, SUITE 1-E
     SCRANTON, PA 18503
     (570) 342-4242    FAX: (579) 342-8382
     PA BAR#: 38506
     lop45ackourey@epix.net