UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY BETH HARSHBARGER, | : | CIVIL ACTION NO. 3:CV-09-487 |
| | : | |
| PETITIONER | : | |
| VS. | : | |
| | : | (VANASKIE, J.) |
| MICHAEL R. REGAN, ET AL | : | |
| | : | |
| RESPONDENTS | : | |

**GOVERNMENT'S BRIEF OPPOSING EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §§ 2241 AND 2243**

**1. Procedural History**

On December 5, 2008, the United States Attorney's Office for the Middle District of Pennsylvania, at the request of Canada, filed a complaint in extradition and supporting documents. The Canadian government requested the extradition of Mary Beth Harshbarger, who resides in Meshoppen, Pennsylvania, to Canada under the Treaty on Extradition Between the United States of America and Canada and its amending Protocols, for crimes related to the shooting death of her husband in a Canadian province.

On January 6, 2009, U.S. Magistrate Judge Mannion issued a Memorandum and Order directing that Harshbarger appear before the court on January 16, 2009, pursuant to a summons. She did so and was released on pretrial supervision conditions. The court scheduled the extradition hearing for February 13, 2009. That extradition hearing was held, at which time the Magistrate Judge received evidence and heard arguments of counsel.

On March 4, 2009, Magistrate Judge Mannion issued an order and certification holding Harshbarger extraditable under 18 U.S.C. § 3184. In issuing this order, he found that there is

1

currently in force an extradition treaty between the United States and Canada, the relevant criminal charges constitute extraditable offenses under that treaty, and there is probable cause to believe that Harshbager committed one offense–criminal negligence causing death--for which extradition is sought. He ordered Harshbarger to turn herself in to the U.S. Marshals on March 13, 2009, to await her return to Canada.

Harshbarger filed an Emergency Motion to Stay Certification and Order of Commitment, requesting that a 60-day stay of the Certification of Extraditability and Order of Commitment be granted so that she may file a habeas corpus petition under 18 U.S.C. § 2241. The Magistrate Judge denied the request for a stay, but extended Harshbarger's surrender date until March 20, 2009, so that she could file the appropriate pleading with the district court. Harshbarger ultimately filed a document entitled "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243 and Complaint for Declaratory and Injunctive Relief," naming Michael R. Regan, U.S. Marshal for the Middle District of Pennsylvania; Eric Holder, U.S. Attorney General; Susan Torres, Attorney-Advisor, Office of the Legal Advisor, U.S. State Department; and Hillary Rodham Clinton, Secretary of State, as respondents. This Court extended Harshbarger's surrender date to March 27, 2009, and set this case down for argument on March 25, 2009. The Government files this brief opposing habeas corpus relief.[1]

---

[1] Harshbarger's curious and inappropriate filing combines a request for habeas relief along with requests for declaratory and injunctive relief. *Cf. Joseph v. Hoover*, 254 F. Supp. 2d 595, 598 (D.V.I. 2003) (suggesting that habeas corpus is the only vehicle to challenge extraditability). In the interests of expediency, the Government will address the time-sensitive petition for habeas corpus and respond under the Federal Rules of Civil Procedure to the civil complaint aspects of the filing as directed by the Court.

     A.     **Based on the narrow standard of review, there are no grounds to overturn U.S. Magistrate Judge Mannion's findings and determination supporting the extradition of Harshbarger.**

     The Government submits that the U.S. Magistrate Judge's Certification of Extraditability and Order of Commitment is legally appropriate, and the petition for writ of habeas corpus should be denied.  To that end, the Government will outline the narrow standard of review in this case, a standard of review that supports the Government's position and the Magistrate Judge's determination.

     Magistrate Judge Mannion held a hearing and received evidence regarding the elements necessary for Harshbarger's extradition to Canada.  He considered the evidence and the arguments, and issued an opinion certifying to the Secretary of State that the evidence as submitted by Canada is legally sufficient to support a decision to extradite her on the one charge of causing death by criminal negligence under the treaties and laws of the United States.  Under the statutory scheme governing extraditions, having made these findings, the Magistrate Judge's function was complete.  *See* 18 U. S. C.§ 3184; *Sidali v. INS*, 107 F.3d 191, 194-95 (3d Cir. 1997) (describing operation of extradition mechanism).  Magistrate Judge Mannion then properly committed Harshbarger to the custody of the United States Marshal, "pending disposition of this matter by the Secretary of State and the arrival of agents from Canada... ."  (Doc. 20.)

     The Executive Branch, acting through the President's designee, the Secretary of State, is solely entrusted with the final foreign policy decision to surrender Harshbarger, by issuance of the Secretary's surrender warrant.  18 U.S.C. § 3186. ("The Secretary of State may order the

person committed under sections 3184 or 3185 of this title to be delivered to any authorized agent of such foreign government, to be tried for the offense of which charged"). The Certificate of Extraditability provides essential findings of law and fact upon which the Secretary might rest her decision, but it does not order or compel any action by the Secretary. Ms. Clinton is free to grant or withhold extradition as a matter of diplomatic and foreign policy.[2] The governments of Canada and the United States have two calendar months to effect the transfer of Harsbarger to Canada. 18 U.S.C. § 3188. This two-month period will, however, be tolled until the conclusion of these habeas proceedings. *See Barrett v. United States*, 590 F.2d 624, 626 (6th Cir. 1978); *Liberto v. Emery*, 724 F.2d 23 (2d Cir. 1983) (two-month period does not begin to run until there has been a final adjudication of the extradition request.)

We are presently at the next step in the process. A Magistrate Judge's determination of extraditability is not itself directly appealable to the Court of Appeals, but is reviewable by this Court upon the filing of a petition for habeas corpus. This review, however, is on "extremely limited" grounds: (1) whether the magistrate judge had jurisdiction; (2) whether the offense charged is within the applicable treaty; and (3) whether there was evidence establishing a reasonable ground to believe the accused is guilty. *Sidali*, 107 F.3d at 195; *Joseph v. Hoover*, 254 F. Supp. 2d 595, 598 (D.V.I. 2003); *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2nd Cir. 1973). The district court has jurisdiction over this petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(a) and (c)(4).

There is no doubt that Magistrate Judge Mannion had jurisdiction to hear this matter, and

---

[2] In fact, your undersigned has received a copy of a letter that counsel for Harshbarger has sent to the Secretary of State dated March 17, 2009, prematurely requesting her withholding Harshbarger's extradition under the Treaty.

Harshbarger does not suggest otherwise.  Further, Harshbarger agreed at the extradition hearing that the Canadian offense of criminal negligence causing death of another where a firearm is used in the commission of the offense is an offense covered the applicable treaty.  (M.J. Mem. and Order 3/4/2009 at 16.)  Harshbarger disputes, however, the finding of probable cause regarding this offense.

It is obvious that the Magistrate Judge carefully reviewed the Canadian government's evidence and the arguments of counsel.  His determination of probable cause, covered in his opinion finding extraditability, is comprehensive, thoughtful, and well-reasoned.  (M.J. Mem. and Order 3/4/2009 at 21-26.)  The Government could hardly improve upon his analysis. Indeed, Harshbarger cannot assail his findings of fact; she only argues that the facts do not give rise to probable cause.  The inherent difficulty with this position is that this Court does not have plenary or de novo review in ruling on the habeas petition.  The fundamental tenet of review here is that deference be given to the decision of the Magistrate Judge.  In reviewing the record and orders in case, this Court should give deference to Magistrate Judge Mannion and deny the petition.

Additionally, Harshbarger's four "legal claims for relief" are specious.  An extradition proceeding is *sui generis*.  The usual constitutional rights available to those charged in United States criminal trials are not available to her. *See generally  Neely v. Henkel*, 180 U.S. 109, 122 (1901).  Further, technical and affirmative defenses to the merits of the charge are not available in extradition matters.  *Charlton v. Kelly*, 229 U.S. 447, 462 (1913).

Initially, Harshbarger claims a due process violation in the use of hearsay evidence at the extradition hearing.  This issue has been reviewed and soundly rejected by Magistrate Judge Mannion.  (M.J. Mem. and Order 3/4/2009 at 13-15) ("A long line of on-point federal case law

not only permits the use of hearsay in the extradition context, but permits the Court to rely entirely on hearsay evidence in circumstances where the Court orders extradition." *Id.* at 13.) *See also Bigham v. Bradley*, 241 U.S. 511, 517 (1916); *Yordi v. Nolte*, 215 U.S. 227, 231 (1909).

Next Harshbarger claims, without any legal support, that to order extradition here would be a violation of equal protection since extradition was not ordered by Judge Jones under similar circumstances in *In the Matter of the Extradition of Alexander Winston Sylvester*, 4:05-0CR-0490 (M.D. Pa. Feb. 14, 2006), *recons. denied*, 2006 WL 860945 (M.D. Pa. Mar. 29, 2006). While the Government would maintain that *Sylvester* was incorrectly decided, the Court need not reach that issue since Magistrate Judge Mannion has correctly distinguished *Sylvester*, a ruling regarding a requested extradition based on a cognate Pennsylvania offense and not based on a cognate federal offense, the issue here.  International extradition proceedings are not governed by parochial state court procedural rulings that conflict with U.S. Supreme Court and federal precedent.  As Magistrate Judge Mannion noted, the cases are legion that hearsay may form the sole basis for extradition. Simply put, *Sylvester* gives Harshbarger no "get out of extradition free" card to play in this proceeding.

Harshbarger's third claim simply reiterates her persistent argument that she was not grossly negligent and that a finding of extradition cannot be based on hearsay. It should again be rejected with little moment.

Finally, she makes a cursory argument that "the co-ordinate criminal offense statutes...are unconstitutionally vague as applied" to her conduct.  (Pet. Habeas Corpus at ¶ 19.) This issue is also doomed to failure since it merely recasts her lack-of-probable-cause argument and is essentially a defense in the nature of the interpretation of a Canadian penal statute, a matter for

the Canadian courts after extradition.

For these reasons, this Court should deny the request for habeas corpus relief and affirm Magistrate Judge Mannion's Certificate of Extraditablity and Order of Commitment.

### B. **Harshbarger should be required to turn herself in to the custody of the U.S. Marshal on March 27, 2009, since 18 U.S.C. § 3184 requires commitment**.

Should this Court deny the petition for habeas corpus, the required course of action is to commit Harshbarger to the custody of the U.S. Marshal. Section 3184 permits no other alternative: The Court "shall issue his warrant for the commitment of the person so charged to the proper jail, to remain until such surrender shall be made." Harshbarger's commitment is mandated by statute because she has been found extraditable. Bail is not an option. Harshbarger has a strong incentive to flee, particularly when facing extradition on a serious charge and little chance for success on appeal. In the ordinary domestic criminal case, the remedy of forfeiture of bail is available. By contrast, in an international extradition case where the individual fails to appear, the demanding country has no remedy or compensation. This Court should not grant a stay of her surrender date of March 27, 2009, and she should be committed to the custody of the U.S. Marshal, as per 18 U.S.C. § 3184.

**3. Conclusion**

      The Court should deny Harshbarger's Petition and order that she be remanded into the U.S. Marshal's custody on March 27, 2009.

                                    Respectfully submitted,

                                    MARTIN C. CARLSON
                                  UNITED STATES ATTORNEY

                                    /s/ Christian A. Fisanick
                           By: _____
                                  Christian A. Fisanick
                                  Assistant U.S. Attorney
                                  Chief of the Criminal Division
                                  PA ID No. 40360
                                  (570) 348-2800
                                  FAX: (570) 348-1908
                                  Chris.Fisanick@usdoj.gov

Dated: March 24, 2009

**CERTIFICATE OF SERVICE BY ELECTRONIC FILING**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 24, 2009, she served a copy of the attached:

**GOVERNMENT'S BRIEF OPPOSING EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §§ 2241 AND 2243**

by electronic filing on counsel for the defendant.

Paul Ackourey, Esquire


/s/ Donna M. Thomas
_____
Donna M. Thomas
Paralegal Assistant