1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MARY BETH HARSHBARGER,        )
                              )
            Plaintiff         )
                              )
                              )
      vs                      )    09cv487
                              )
                              )
MICHAEL REGAN, et.al.,        )
                              )
            Defendants        )



      BEFORE:   HONORABLE THOMAS I. VANASKIE
                United States District Judge
                for the Middle District of Pennsylvania

                Telephone Conference
                Re: Emergency motion

                Wednesday, April 22, 2009
                Scranton, Pennsylvania


A P P E A R A N C E S:

For The Plaintiff:        PAUL P. ACKOUREY, ESQ.
                          Law Offices of Paul P. Ackourey
                          116 N. Washington Avenue
                          Suite 1-G
                          Scranton, Pennsylvania  18503



For The Defendants:       CHRISTIAN A. FISANICK, ESQ.
                          U.S. Attorney's Office
                          235 N. Washington Avenue
                          Scranton, Pennsylvania 18503



      KRISTIN L. YEAGER, RMR,CRR - COMPUTER TRANSCRIPT

1    (The following took place by way of teleconference.)

2    THE COURT: Hello.

3    MR. FISANICK: Hi, Your Honor.

4    MR. ACKOUREY: Hello, Judge.

5    THE COURT: I scheduled this telephonic conference in light

6  of the emergency motions filed yesterday on behalf of

7  Petitioner Mary Beth Harshbarger. I have already denied one of

8  the motions, or dismissed, I should say, the motion for the

9  issuance of a Certificate of Appealability.

10    Paul, as you acknowledged in your papers, as a general

11  rule, a Certificate of Appealability is not appropriate in the

12  context of a 2241 Habeas Corpus Petition.

13    MR. ACKOUREY: I filed it, Judge, only because I saw there

14  were some cases, in going through some of the case law, where

15  they were filed, so in an abundance of caution, I filed them.

16    MR. FISANICK: Your Honor, just so that you know, the folks

17  in Washington at the Office of International Affairs have

18  concurred on that, and I can relay to the Court that we believe

19  that that was unnecessary.

20    THE COURT: All right, and that was -- so it was dismissed

21  because I viewed it as unnecessary. Chris, what is your

22  position, with respect to the stay of extradition pending

23  appeal?

24    MR. FISANICK: Okay, I have been authorized to make this

25  decision from D.C., which is, we will not oppose a stay pending

3

1  the decision of the Third Circuit, assuming an appeal is going

2  to be filed, and I'm assuming, Paul, that you are going to file

3  one.

4      MR. ACKOUREY: Yes.

5      MR. FISANICK: We have no problem with that, however, we are

6  going to oppose any change of the surrender date for Monday,

7  April 27th at 3:00, for the simple reason that the statute is

8  clear that she should actually be in custody, at this point,

9  but for the grace of the U.S. Attorney's office, OIA, the

10 Magistrate Judge and Your Honor.

11     THE COURT: All right. So you don't oppose the stay of

12 extradition pending appeal?

13     MR. FISANICK: No, because that would be unfair, Your Honor,

14 if we moved her out of the country before she had the chance to

15 have the Third Circuit hear her case, if she, indeed, chooses

16 to do that.

17     THE COURT: All right. So let's talk about bail, the bail

18 issue.

19     MR. ACKOUREY: Judge, with regard to bail, as set forth in

20 our brief and as you already know, she has placed a

21 100,000-dollar property bail already, and while there is a

22 presumption against bail, it's a rebuttal presumption, and the

23 Court, at the last hearing, recognized that there were certain

24 extraordinary circumstances in Mrs. Harshbarger's case that,

25 perhaps, warranted the issuance of bail.

4

1    She is the mother of three children, we have been talking

2  about two young children, and those are the two children that

3  accompanied her to Canada. There's a third adult child who

4  suffers from cerebral palsy for whom she is the sole caregiver

5  that lives at home. The flight risk, I think the Government

6  would be hard-pressed to argue that she's a flight risk. She's

7  a life-long resident of this District and the Wyoming County

8  area with substantial real estate holdings in Wyoming County.

9    She certainly is not a threat to the general community,

10  this is, I think, an isolated incident, she has no prior

11  criminal history, and whether criminally negligent or not,

12  certainly, it was an accidental, not an intentional shooting in

13  Canada. She has, by all accounts, complied with whatever

14  supervision requirements have been placed upon her and will

15  continue to do so. I don't believe that altering bail at this

16  stage makes much sense.

17    MR. FISANICK: I would only add, Your Honor, that this case,

18  although, the analogy isn't perfect, since extradition matters

19  are sort of sui generous, is much like somebody at an appeals

20  stage, and there is a higher and much more difficult hurdle to

21  jump when you're seeking bond pending an appeal in a criminal

22  case. And she has already lost her opportunity to, you know,

23  challenge her extradition here, she's now before the Third

24  Circuit Court of Appeals, and as I said previously, under the

25  ordinary run of the mill case, but for everybody giving her the

5

1 benefit of the doubt, she should have been incarcerated from

2 the date an arrest warrant was served on her when we filed the

3 complaint and extradition back in December, so I think that, in

4 fact, while I agree that Attorney Ackourey has made valid

5 points, I can't debate them.

6      We do have a different legal posture of the case at this

7 time, because this case, basically, stand as a case on appeal

8 or soon to be on appeal to the Third Circuit and should be

9 governed by an even more stringent standard.

10      MR. ACKOUREY: Judge, if I can just respond very briefly.

11 When Mary Beth appeared before this Court on the Habeas

12 Petition, she had already received an unfavorable ruling from

13 Magistrate Judge Mannion, so to that extent, she was running

14 uphill. I don't think the circumstances have changed

15 dramatically to warrant a denial of bail at this stage. And as

16 I recall at the last hearing, Chris, correct me if I'm wrong, I

17 thought the U.S. Attorney's office was opposed to bail at the

18 last hearing and the Court set bail at $100,000.

19      Again, for those reasons that I believe I just said, Judge,

20 I don't see that bail should be altered pending appeal. It

21 makes no sense.

22      THE COURT: Well, frankly, I was inclined to deny the stay

23 of extradition pending appeal because I don't think there's a

24 substantial issue that has been presented in this matter. I

25 know it has been briefed extensively, and but for Judge Jones'

6

1 decision in Sylvester, there would be absolutely no tenable

2 basis for the position being taken by the Petitioner in this

3 particular case. But the Government does not oppose the stay of

4 extradition. I did find -- Chris is absolutely correct that

5 there's a presumption that runs in favor of the Government and

6 against release on bail in extradition cases. The exception is

7 where there are special circumstances that indicate that

8 release is appropriate.

9    I did find the special circumstances were present at the

10 time that I released Ms. Harshbarger on bail, but that was also

11 done on the date of the hearing and I recognized I needed more

12 time to review the issue that had been presented. As I said, as

13 I researched the matter, it became abundantly clear to me that

14 the decision by Judge Jones did not take into account the

15 extensive line of authority going back to the early 1900's that

16 plainly indicate that affidavits supply an appropriate

17 evidentiary foundation for extradition, and in any event, his

18 ruling is distinguishable because, here, we have a Federal

19 crime that satisfies the dual criminality standard, not a State

20 crime.

21    And he didn't need to reach the issue he reached, anyway,

22 because he had determined that the Statute of Limitations had

23 expired and, therefore, extradition could not go forward.

24 But I did find special circumstances existed, in connection

25 with care for her children. I did not know about this adult

7

1  child. The fact that she -- I don't think she poses a flight

2  risk, but that's not the issue, the fact that somebody does not

3  pose a flight risk does not, of itself, constitute special

4  circumstances. Then you would almost have release on bail in

5  any particular case. But the circumstances of this matter do

6  appear to me to be special, in terms of being, now, the sole

7  caregiver for her children and this adult child with special

8  needs, so in light of the fact that the Government does not

9  oppose the stay of extradition pending appeal, I find that it

10  would not be appropriate to deny the continuation of bail under

11  these particular circumstances.

12      I am acutely aware of the fact that there is, as I said, a

13  presumption in favor of detention in extradition cases and that

14  the presumption can only be overcome by special circumstances.

15  Special circumstances have been recognized in other contexts,

16  for example, where there weren't facilities to detain a

17  juvenile who was subject to extradition, the Court found that

18  there was -- that there were special circumstances. Courts have

19  also found that special circumstances exist where there is

20  shown a serious deterioration in the Petitioner's health.

21      In this case, the special circumstances are the unique -- I

22  shouldn't say unique circumstances, that's what's troubled me

23  here. The situation she's in is not all that unique, in terms

24  of a caregiver having responsibility for children, but I

25  previously ruled that they were sufficient to warrant bail and

1  I can't distinguish this situation from that which compelled me

2  to allow her to remain on bail pending my decision, so I will

3  grant the motion -- the unopposed motion for a stay

4  pending -- stay of extradition pending appeal and will also

5  grant the request for bail pending appeal.

6       The Government has the right to appeal these rulings, and

7  in particular, the decision I've made with respect to release

8  pending appeal.

9       MR. FISANICK: Your Honor, I'm not sure, on behalf of the

10 Government, we will do that, I'll have to check with D.C. Could

11 I move at this time, if the appeal with the Third Circuit is

12 not properly perfected, your ruling is dissolved and the stay

13 is dissolved?

14      THE COURT: Well, what I think you'll need to do, Chris,

15 because I don't know when that would be, I certainly would be

16 inclined to grant that, in the event it's not perfected, and it

17 needs to be done expeditiously, too, because one concern I have

18 here is there is a strong interest on the part of the

19 Petitioner to delay, and frankly, in terms of the Extradition

20 Order itself, I was of the opinion that a stay should be sought

21 from the Secretary of State, I think they have the right to do

22 that for humanitarian reasons, but as I said, the Government

23 does not oppose the stay in this particular matter, and since

24 the Extradition Order itself is going to be stayed, I do

25 believe that she is entitled then to release pending appeal,

1  but I certainly would dissolve the stay and revoke bail as soon

2  as it was clear that either the appeal is over or has not been

3  perfected.

4      MR. FISANICK: Okay, thank you, Your Honor.

5      THE COURT: And I would urge, Paul, that you take action

6  expeditiously in this matter.

7      MR. ACKOUREY: I will, Judge

8      THE COURT: Because I think it would be less than seeking a

9  prompt resolution of this matter for you to wait out the full

10  appeal period, for example, or seek an extension of time.

11      MR. ACKOUREY: I understand.

12      THE COURT: I'll tell you this candidly, I would not be

13  favorably inclined to grant any kind of request for an

14  extension of time to file an appeal, should that be presented

15  to me.

16      MR. ACKOUREY: I don't anticipate that, Judge.

17      THE COURT: So in the event that that kind of conduct did

18  occur, I would be more inclined -- I'm not deciding it

19  definitively -- but I would be more inclined to find that the

20  matter is being protracted for delay and delay only.

21      MR. ACKOUREY: I understand, I do, and we will promptly

22  perfect the appeal.

23      MR. FISANICK: That's all we have, I think, Your Honor.

24  Thank you.

25      MR. ACKOUREY: Thank you, Judge.

10

1      THE COURT: All right, thank you all.

2      (At this time the proceedings were adjourned.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

11

1                        C E R T I F I C A T E

2

3        I, KRISTIN L. YEAGER, Official Court Reporter for the

4   United States District Court for the Middle District of

5   Pennsylvania, appointed pursuant to the provisions of

6   Title 28, United States Code, Section 753, do hereby certify

7   that the foregoing is a true and correct transcript of the

8   within-mentioned proceedings had in the above-mentioned and

9   numbered cause on the date or dates hereinbefore set forth; and

10  I do further certify that the foregoing transcript has

11  been prepared by me or under my supervision.

12

13                          S/Kristin L. Yeager
                            KRISTIN L. YEAGER, RMR,CRR
14                          Official Court Reporter

15
    REPORTED BY:
16
        KRISTIN L. YEAGER, RMR,CRR
17      Official Court Reporter
        United States District Court
18      Middle District of Pennsylvania
        P.O. Box 5
19      Scranton, Pennsylvania  18501

20

21

22        (The foregoing certificate of this transcript
    does not apply to any reproduction of the same by any means
23  unless under the direct control and/or supervision of the
    certifying reporter.)
24

25