UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY BETH HARSHBARGER, | : | CIVIL ACTION NO. 3:CV-09-487 |
| | : | |
| PETITIONER | : | |
| VS. | : | |
| | : | (VANASKIE, J.) |
| MICHAEL R. REGAN, ET AL | : | |
| | : | |
| RESPONDENTS | : | |

**MOTION TO REVOKE CONDITIONS OF RELEASE AND ORDER SURRENDER**

1. On March 4, 2009, U.S. Magistrate Judge Mannion issued a Certification of Extraditability and Order of Commitment for Mary Beth Harshbarger for her return to Canada under the Extradition Treaty between the United States and Canada to face the charge of criminally negligent homicide. The Court ordered that Harshbarger

> "*be committed to the custody of the United States Marshal with her ordered surrender on Friday, March 13, 2009, pending disposition of this matter by the Secretary of State and the arrival of agents from Canada, at which time, Mary Beth Harshbarger will be transferred to the custody of the agents from Canada at such time and place as mutually agreed upon by the United States Marshal and the duly authorized representatives of the Government of Canada to be transported to Canada, unless such custody, commitment, or transfer is vacated or stayed by court order.*"

2. On March 12, 2009, U.S. Magistrate Judge Mannion denied Harshbarger's motion to stay certification and order of commitment, and noted that the statute (18 U.S.C., Section 3184) requires commitment of the defendant on a finding of extraditability[1]. The Court then extended her surrender date to March 20, 2009, unless otherwise ordered in a habeas proceeding.

---

[1] Title 18 U.S.C. Section 3184 provides that following the extradition hearing, the Court finds the "evidence sufficient to sustain the charge" the judicial officer "shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made."

3. On March 16, 2009, Harshbarger filed an emergency petition for writ of habeas corpus, and on March 17, 2009, U.S. District Court Judge Vanaskie stayed her surrender date to March 27, 2009.

4. On March 25, 2009, the Court issued an order setting forth conditions of release for Harshbarger pending disposition of her petition for a writ of habeas corpus. Among the conditions was the posting of $100,000 surety.

5. On April 13, 2009, the Court dismissed Harshbarger's petition for a writ of habeas corpus and ordered Harshbarger to "...surrender herself, on or before 3:00 p.m., on Friday, April 27, 2009, to the United States Marshal's Office."

6. On April 22, 2009, the Court granted Harshbarger's motion for stay of extradition order, and granted her motion for continued bail pending appeal.

7. Harshbarger appealed the denial of the habeas corpus decision. On March 29, 2010, the Third Circuit Court of Appeals, in a published opinion, affirmed this Court's order dismissing the habeas petition. *Harshbarger v. Regan*, 599 F.3d 290 (3d Cir. 2010).

8. Counsel for Harshhbarger has indicated to your undersigned Assistant U. S. Attorney that no further appeals will be filed on her behalf.

9. On April 26, 2010, The United States Department of State issued a Surrender Warrant for Harshbarger for her return to Canada under the Treaty. (Ex. 1.)

10. Harshbarger has been ordered to surrender on three prior occasions, and her release on bail was issued only for the period pending appeal, which has now expired.

11. The Office of International Affairs, Criminal Division, Department of Justice, has indicated to your undersigned that the U.S. Marshals Service and Canada are coordinating in their arrangements for her surrender, which will occur within the next two weeks.

12. In order to effectuate the transfer of Harshbarger to Canadian law enforcement authorities, and in accordance with the Surrender Warrant which provides that "*...the United States Marshal for the Middle District of Pennsylvania, ... to surrender and deliver her up to such person or persons as may be duly authorized by the Government of Canada to receive the said Mary Beth Harshbarger. . .* " and, in order for the United States to fulfill its obligations under the Treaty, and in compliance with 18 U.S.C. Section 3184, it is essential for Harshbarger to turn in her passport and be in the custody of the United States Marshals service before the arrival of Canadian law enforcement.

WHEREFORE, the United States respectfully requests that the conditions of Harshbarger's release be revoked, she be ordered to turn her passport in to the Clerk of Courts by **May 10, 2010**, and that she make arrangements to surrender herself to the custody of the United States Marshals Service no later than **May 14, 2010 at 2:00 p.m.**, pursuant to the surrender warrant, and to effectuate her transfer to Canadian authorities.

Respectfully submitted,

DENNIS C. PFANNENSCHMIDT
UNITED STATES ATTORNEY

/s/ Christian A. Fisanick
_____
Christian A. Fisanick
Assistant U.S. Attorney
Chief of the Criminal Division

Dated: May 5, 2010

## CERTIFICATE OF NONCONCURRENCE

I, Christian A. Fisanick, Assistant United States Attorney, certify that I have contacted counsel for the Petitioner, Paul Ackourey, Esquire, and he does not concur in the within motion.

/s/ Christian A. Fisanick

_____
CHRISTIAN A. FISANICK
Assistant United States Attorney
Chief of the Criminal Division

Dated: May 5, 2010

**CERTIFICATE OF SERVICE BY ELECTRONIC FILING**

  The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

  That on May 5, 2010, she served a copy of the attached:

**MOTION TO REVOKE CONDITIONS OF RELEASE AND ORDER SURRENDER**

by electronic filing on counsel for the defendant.

Paul Ackourey, Esquire


             /s/ Donna M. Gard-Lengner
             _____
             Donna M. Gard-Lengner
             Paralegal Assistant